146

WILLIAM H. KERR, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 26, 1961.*

LEON D. SHAPIRO, Attorney for Claimant.

WILLIAM G. CLARK, Attorney General; BERNARD GENIS, Assistant Attorney General, for Respondent.

FEARER, J.

Claimant, William H. Kerr, filed his complaint against the State of Illinois on January 24, 1961 alleging that he was an employee of the Department of Vocational Education, Division of Vocational Rehabilitation, and was wrongly discharged from his employment on August 25, 1958.

On March 21, 1960, a complaint was filed in the Superior Court of Cook County, being case No. 59-S-9520, being a suit for a writ of mandamus. The title of this case being W. H. Kerr vs. Vera M. Binks, Et Al.

The record in this case consists of the following:

1. Complaint
2. Transcript of evidence
3. Claimant's exhibits Nos. 1, 2 and 3
4. Respondent's exhibits Nos. 1 and 2
5. Motion of claimant for leave to waive the filing of abstract and brief, together with attached proof of service of a copy on the Attorney General
6. Commissioner's Report
7. Order of the Chief Justice granting the motion of claimant for leave to waive the filing of abstract and brief
8. Motion of respondent for leave to waive the filing of brief, together with attached proof of service of a copy on counsel for claimant
9. Order of the Chief Justice granting the motion of respondent for leave to waive the filing of brief

A copy of the order of the Superior Court was attached to the complaint, marked exhibit No. 1, and made a part thereof, and at the hearing a certified copy of the

order was admitted in evidence as claimant's exhibit No. 1.

This matter was heard before Commissioner Immenhausen. No answer was filed by respondent, so, therefore, a general traverse or denial of the facts set forth in the complaint shall be considered as filed under Rule 11 of this Court.

The only evidence offered by either claimant or respondent was that of claimant, and the exhibits, being a certified copy of the order of the Superior Court of reinstatement and respondent's exhibits relative to mitigation.

The Commissioner found that, on August 1, 1960, claimant was reinstated pursuant to the order of the Superior Court, and presented his claim for back pay for the period of August 26, 1958 to July 31, 1960. On or about September of 1960, claimant received from respondent $6,200.00 for the period from July 1, 1959 to July 1, 1960.

The reason advanced as to why he did not receive his pay for the period between August 26, 1958 to June 30, 1959 was that funds were not available because of the expiration of the 1957-1959 biennial appropriation.

A supplemental hearing was held in the Superior Court of Cook County, being case No. 59-S-9520. In that case the court held that there was due claimant the sum of $4,806.00 covering the period from August 26, 1958 through June 30, 1959. This supplemental order was attached to the complaint, and marked exhibit No. 2. A bill of particulars regarding the period of August 26, 1958 through June 30, 1959 was also attached to the complaint, and marked exhibit No. 3.

Claimant testified he had charge of employment of all handicapped persons in Chicago and downstate Illi-

nois. His specialty was working with the deaf, and teaching them sign language. This particular division was created by the Legislature, as found in Chap. 123, Sec. 695. The Federal Government provided grants for states for vocational rehabilitation work, as set forth in Act 29 U.S., Chap. 4, 1954. In order for the states to receive grants from the Federal Government, each was required to submit a plan, and qualify under certain requirements. The State of Illinois qualified under the Federal Act.

There is no question but what claimant was wrongfully discharged, and there are no questions presented as to mitigation of damages. As it was developed, claimant was unable to find any employment other than the fact that he was employed as a salesman for the Walton Rug Company for one month in July, 1959, and earned $510.00. His income tax return was introduced into evidence, and marked respondent's exhibit No. 1. It revealed that claimant received $510.00 gross pay from the Walton Rug Company; that there was $47.80 tax withheld, and $12.75 social security. He testified further that he had no other earnings.

In previous cases this Court has held that, where a civil service employee is illegally prevented from performing his duties, and is subsequently reinstated to his position by a court of competent jurisdiction, he is entitled to the salary attached to said office for the period of his illegal removal. *Schneider* vs. *State of Illinois*, 22 C.C.R. 453.

In the same case we also held that claimant should mitigate damages by seeking other gainful employment, and any earnings should be offset against an award for back pay by reason of being unlawfully discharged.

Since the Commissioner had an opportunity of hearing the evidence, we adopt as our findings his conclusion, which is as follows:

"After careful consideration of all the evidence, and having had an opportunity to observe the witnesses during examination and the exhibits, it is my opinion that claimant has proved his case by a preponderance of the evidence. Claimant, William H. Kerr, was employed by the State of Illinois in January, 1955, by the Division of Vocational Rehabilitation, and was unlawfully discharged in January, 1958. Claimant filed writs of mandamus in the Superior Court of Cook County in case No. 59-S-9520 against Vera Binks, Director of the Department of Registration and Education. A certified copy of order for mandamus and judgment order were received in evidence as claimant's exhibit No. 1. The Superior Court found that claimant was wrongfully discharged from the position of Vocational Counselor in the Division of Vocational Rehabilitation; that he was ready, willing and able to render the service; and that he was entitled to back pay from the date of his discharge to the date of his reinstatement. In accordance with said judgment order, claimant was reinstated to his position on August 1, 1960, and received $6,200.00 back pay for the period of January 31 to August 1, 1960. There remains unpaid his salary from August 25, 1958 to June 30, 1959, which was not paid because the biennium appropriation for 1957-1959 had expired.

"Claimant asks for the sum of $4,806.00 for the period of August 6, 1958 to June 30, 1959. From this amount respondent, the State of Illinois, is entitled to a credit of $510.00, which amount claimant earned as a salesman for the Walton Rug Company during this period."

Claimant is, therefore, entitled to an award in the amount of $4,296.00.